826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernesto A. RIOS, III, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 Appeal No. 87-3289
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before DAVIS, Circuit Judge, and BENNETT and MILLER, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals the final decision of the Merit Systems Protection Board, No. BN07528410220, 32 M.S.P.R. 272 (1987), which held that he had failed to establish good cause for waiver of the board's deadline for filing a petition for review. We affirm.
 
 OPINION
 
 2
 In 1984 petitioner was appointed as a sales clerk in the Canteen Service of the Veterans Administration Medical Center in Newington, Connecticut. Upon discovery that he had falsified his personnel qualification statement, he was terminated during the probationary period. On appeal to the MSPB the administrative judge held that the board lacked jurisdiction because Rios was in the excepted service and without appeal rights. On October 22, 1984, he was advised that the decision of that date would become final on November 26, 1984, unless a petition for review was filed within 35 days and he was further informed of the showing required to prevail in such a petition. However, he did not seek review until he filed a 'motion to reopen' on August 23, 1986, twenty-one months later.
 
 
 3
 The essential underlying facts are not at issue. The only issue for decision now is whether the board erred when it found that petitioner did not establish 'good cause' to waive the time limit for filing for review. We are satisfied that he did not by his uncorroborated claim of inability to proceed on account of economic circumstances and the search for new material evidence. Further, his claim of statutory and regulatory rights to avoid the board's procedures is without merit. We find no basis in law to reverse. See 5 U.S.C. Sec. 7703(c) (1982).